## Case No. 9,459.

### The MERMAID.

[1 Brown's Adm. 51.] [1]

District Court, D. Michigan. Feb., 1859.

MARITIME LIENS—REPAIRS—LAW OF CANADA.

There being no lien by the local law for repairs furnished in Canada, no proceeding in rem can be maintained here to enforce the payment of such repairs.

This was a libel for repairs furnished to the schooner Mermaid, at the port of Amherstburg, in the province of Canada West. It was admitted, by stipulation, that the vessel was a Canadian bottom, owned in Canada; that there was no local statute of that province giving a lien to material-men, and that the contract for the repairs was also made at Amherstburg.

J. S. Newberry, for libellant.
D. B. Duffield, for claimant.

WILKINS, District Judge. By the constitution of the United States, its judicial power extends to "all cases of admiralty and maritime jurisdiction:" and it is contended, by the counsel for libellant, that this language embraces the general maritime law of continental Europe, unrestricted by the rulings of the English courts limiting admiralty jurisdiction to the ebb and flow of the tide; and that, by this general law, which, as part of the law of nations, is recognized in Canada, the fact of making the repairs of itself created a lien upon the vessel enforceable in this court. I cannot so rule. The Mermaid was a foreign vessel in the port of Detroit, and liable in this court for supplies furnished here, yet if no lien attached at her home port, where the contract

was made and performed, none can be enforced here. The law of England covers her provinces, unless changed by provincial statutes; and there being no local law giving this lien, and no ebb and flow of the tide bringing the waters of the lakes within the jurisdiction of the admiralty, as interpreted by the English courts, there was no lien existing against the vessel. Libel dismissed.

NOTE. It will be observed that the Mermaid was a Canadian bottom, consequently the case presents the ordinary feature of repairs furnished in a home port, for which there was then confessedly no lien, under the decision in the case of the General Smith. Had the Mermaid been an American vessel, the question might have been one of greater difficulty. See The Avon [Case No. 680]; The Champion [Id. 2,583].